**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| ANTHONY ULMER, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-09-0704 |
| § | |
| UNITED STATES POSTAL SERVICE, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

Anthony Ulmer brought this employment discrimination suit against the United States Postal Service ("USPS") under the Americans With Disabilities Act on March 11, 2009. On June 24, 2006, this court ordered Ulmer to serve the defendants with the summons and complaint by July 31, 2009 or risk dismissal. (Docket Entry No. 5). On July 28, 2009, Ulmer personally served Mark Kessinger at a post office on North Shepherd Drive in Houston. (Docket Entry No. 7). Ulmer filed proof of that service on July 30, 2009. (*Id.*). Ulmer obtained a new summons addressed to John E. Potter, the Postmaster General, on August 18, 2009. (Docket Entry No. 10). On September 4, 2009, this court entered an order stating: "The file does not reflect proper service on the defendant. No later than September 21, 2009, the plaintiff is to show cause why this case should not be dismissed." (Docket Entry No. 9). Ulmer served the Postmaster General by certified mail that same day and filed proof of that service on September 18, 2009. (Docket Entry No. 10).

The file still does not reflect proper service of process. Service of process in suits against a United States agency are governed by Federal Rule of Civil Procedure 4(i)(2). Plaintiffs suing the

USPS must serve process in accordance with that rule. *Shore v. Henderson*, 168 F.Supp.2d 428, 430-31 (E.D. Pa. 2001). Rule 4(i)(2) states:

> To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, *a party must serve the United States* and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

FED. R. CIV. P. 4(i)(2) (emphasis added); *see also Shore*, 168 F.Supp.2d at 430-31 ("it is commonly understood that the rule requires *both* the agency be served under Rule 4(i)(2) and the United States to be served under Rule 4(i)(1)." (emphasis original)).

Rule 4(i)(1) explains how to "serve the United States." In relevant part, it requires plaintiffs to:

> (A)(i) deliver a copy of the summons and the complaint to the United States attorney for the district where the action is brought–or to an assistant United States attorney or clerical employee whom the United States designates in a writing filed with the court clerk–or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; [and]
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington D.C.[]

FED. R. CIV. P. 4(i)(1).

Ulmer has still failed to serve the United States Attorney or the Attorney General for the United States. If Ulmer fails to file proof of service by November 20, this suit will be dismissed.

SIGNED on November 4, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge